IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACOB TALTON, VICTORIA ) <br> ROBINSON, DAN ROBINSON, ) <br> TERRI DAVIS, CHRYSTAL ) <br> TINSTMAN, and JENNIFER ) <br> CHONTOS ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 17-01446 |

## **MEMORANDUM OPINION**

**CONTI, Chief District Judge**

### I. Introduction

A year after consenting to a custody arrangement in state court, Marc Johnson ("plaintiff") filed a *pro se* complaint against six defendants—Jacob Talton ("Talton"), Victoria and Dan Robinson ("Robinsons"), Terri Davis ("Davis"), Chrystal Tinstman ("Tinstman"), and Jennifer Chontos ("Chontos") (collectively "defendants"). (ECF No. 1.) Plaintiff claims defendants conspired to deprive him of custody of his minor child, and premises the court's subject-matter jurisdiction exclusively on diversity of citizenship under 28 U.S.C. § 1332. Presently pending before the court are several motions to dismiss the complaint for lack of subject-matter jurisdiction. (ECF Nos. 3, 11, and 27.) For the reasons set forth in this opinion, the court lacks subject-matter jurisdiction over this case and will, accordingly, dismiss the complaint.

### II. Background[1]

---

[1] Plaintiff's complaint fails to include sufficient background information. Therefore, the court will take judicial notice of the consent order (ECF No. 3-1) issued in plaintiff's prior state court

1

Talton is the maternal grandfather of plaintiff's minor child. (ECF. No. 3-1.) Victoria and Dan Robinson are the child's step maternal grandparents. (Id.) Plaintiff, Talton, and the Robinsons reached an agreement regarding the child's custody and signed a consent order entered by a Pennsylvania state court on October 18, 2016. (Id.) Chontos represented Talton, and Tinstman represented the Robinsons in that matter. (Id.) Davis was not a party to the state court proceedings.

On November 6, 2017, plaintiff initiated the present action against defendants by filing a *pro se* complaint. (ECF No. 1.) Plaintiff claims the defendants conspired to infringe on his inherent right to have full possession and control of his son. (Id. at 8.) Specifically, plaintiff alleges he permitted Victoria Robinson to have his son until the end of the 2016 school year, but she broke their agreement by going to the state court without plaintiff's permission, and used a false document to obtain custody of plaintiff's son. (Id.) The sole basis for the court's subject-matter jurisdiction, as set forth in the complaint, is diversity of citizenship. (Id. at 5.) To that end plaintiff alleges:

- he is a citizen of Pennsylvania (id.);
- Talton is a citizen of Virginia (id.);
- the Robinsons are citizens of Pennsylvania (id. at 10);
- Davis is a citizen of Texas (id. at 6);
- Tinstman is a citizen of Pennsylvania (id.); and
- Chontos is a citizen of Pennsylvania (id. at 7.)

---

proceeding for context. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (explaining that "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint" in deciding a motion to dismiss). Consideration of public records will not convert a motion to dismiss into one for summary judgment so long as the documents are an integral part of the complaint. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

On November 28, 2017, Talton and Tinstman filed a motion to dismiss the complaint for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (ECF No. 3.) On November 29, 2017, the Robinsons filed an answer to the complaint asserting that, in light of the state court consent order, plaintiff's claim is meritless and that the complaint should be dismissed. (ECF No. 10.) On November 29, 2017, Chontos filed three motions to dismiss the complaint—for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted—along with a motion for more definite statement, a motion to strike, and a motion to join in motions filed by Talton and Tinstman. (ECF Nos. 11, 13, 15, 17, 19, and 21.) On December 18, 2017, Davis, acting *pro se*, filed a motion to dismiss the complaint for lack of subject-matter jurisdiction. (ECF No. 27.) On December 26, 2017, plaintiff filed an opposition brief to the aforementioned motions to dismiss. (ECF No. 28.) On January 2, 2018, Chontos filed a reply brief to plaintiff's opposition. (ECF. No. 29.) On January 31, 2018, plaintiff filed a brief in response to Chontos's reply. (ECF No. 32.). On that same date, plaintiff requested entry of default against Davis and Talton, (ECF No. 31,) which the Clerk entered as to Davis.[2] The issues have been fully briefed and the matter is ripe for disposition.

---

[2] "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Clerk erroneously entered default against Davis presumably because Davis's only submission to the court is a document labelled "Brief of Defendant Terri Davis in Support of Motion to Dismiss," without an accompanying motion. (ECF No. 27). The court, however, construes Davis's submission as a motion to dismiss. Entry of default against Davis was the kind of error recognized by Federal Rule of Civil Procedure 60(a), i.e., an error "of the sort that a clerk or amanuensis might commit, mechanical in nature," rather than an error or omission by the court in its judgment. United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005). Under Rule 60(a),"[t]he court may correct a clerical mistake or a mistake arising from oversight or omission … on its own, with or without notice." Fed. R. Civ. P. 60(a). The court has "authority to *sua sponte* set aside an entry of default[.]" Feliz v. Kintock Group, 297 F. App'x 131, 137 (3d Cir. 2008) (citing Judson Atkinson Candies,

### III. Standard of Review

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 586 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject-matter jurisdiction of the court to address the merits of plaintiff's suit. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The first step in analyzing jurisdictional challenges under a Rule 12(b)(1) motion to dismiss is to determine whether the "motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357–58 (3d Cir. 2014) (quoting In re Schering Plough, 678 F.3d at 243). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" Hartig Drug Co. Inc. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016) (quoting Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006)). "But a factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." Id. (citing Constitution Party of Pa., 757 F.3d at 358).

---

Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 386 (7th Cir. 2008)). Accordingly, the court will, *sua sponte*, set aside the entry of default against Davis.

4

If the defendant challenges jurisdiction in its Rule 12(b)(1) motion before answering the complaint or "otherwise present[ing] competing facts," the Rule 12(b)(1) motion is, "by definition, a facial attack." Constitution Party of Pa., 757 F.3d at 358 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 892 n.17 (3d Cir. 1977)). When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." In re Schering Plough, 678 F.3d at 243 (quoting Gould Elecs. Inc., v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).

"The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Because plaintiff is proceeding *pro se*, the court will liberally construe his complaint and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**IV.    Discussion**

As an initial matter, the court must determine whether the movants are asserting a facial or factual attack on the claim. Defendants mount their jurisdictional challenges before answering the complaint or otherwise presenting competing facts. These challenges are, therefore, facial attacks on the complaint and the court will apply the Rule 12(b)(6) standard of review, i.e., consider the allegations of the complaint as true and construe them in the light most favorable to plaintiff.

Plaintiff relies solely on diversity of citizenship under 28 U.S.C § 1332(a) to invoke the court's jurisdiction. Section 1332(a)(1) gives federal district courts original jurisdiction to hear cases where the matter in controversy, exclusive of interests and costs, exceeds the value of

seventy-five thousand dollars ($75,000), and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Jurisdiction based upon diversity of citizenship requires complete diversity as between the two sides in a dispute, i.e., it "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.")

Defendants correctly note the lack of complete diversity between the two sides in this dispute as the jurisdictional defect in plaintiff's complaint. See (ECF Nos. 3, and 11.) Plaintiff is a Pennsylvania citizen, but so are the Robinsons, Tinstman, and Chontos. On its face the complaint shows that complete diversity is lacking. Plaintiff, in his opposition to the motions to dismiss, does not present any cognizable argument to establish the court's subject-matter jurisdiction under 28 U.S.C § 1332(a).[3]

Due to the lack of complete diversity, the court may exercise jurisdiction over plaintiff's complaint only if this case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It does not. While plaintiff does not specifically invoke the court's jurisdiction under § 1331, he claims that defendants conspired to infringe on his "inherent rights to be a father and raise/control [his] son the way [he] see[s] fit, which is [his] liberty to do under the U.S. Constitution." (ECF No. 1 at 9.) Plaintiff may have a "constitutionally protected liberty interest[] … in the custody, care[,] and management of [his] child[]." Croft v. Westmoreland County CYS, 103 F.3d 1123, 1125 (3d Cir. 1997) (citing Lehr v. Robertson, 463 U.S. 248, 258 (1983)). Any claim based upon the deprivation of those constitutional rights under 42 U.S.C § 1983, however,

---

[3] Plaintiff mistakenly believes the presence of two defendants who are not citizens of Pennsylvania—Talton and Davis—is sufficient for diversity of citizenship. (ECF Nos. 28 at 2, and 32 at 1.)

necessarily fails because all the named defendants in the complaint are private citizens and not state actors. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999) ("In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right.") (citing Dennis v. Sparks, 449 U.S. 24, 29 (1980)) (emphasis added).

Plaintiff cites two federal statutes—18 U.S.C. § 241 and 8 U.S.C. § 1324c—in his complaint. (ECF No. 1 at 8.) Those statutes do not create a private right of action and, therefore, cannot form the basis for the court's jurisdiction under § 1331. See, e.g., Stern v. Halligan, 158 F.3d 729, 731 n.1 (3d Cir. 1998) (there is no private cause of action under 18 U.S.C. § 241) (citing Newcomb v. Ingle, 827 F.2d 675, 677 n.1 (10th Cir.1987)); Anders v. Purifoy, No. 16-2321, 2016 WL 3102229, at *1 (W.D. Tenn. June 2, 2016) (8 U.S.C. § 1324c does not provide for private right of action). Accordingly, the court does not have an alternate basis for exercising jurisdiction over this case under 28 U.S.C. § 1331.

Plaintiff's complaint will, therefore, be dismissed for lack of subject-matter jurisdiction.[4] Plaintiff will not be afforded an opportunity to amend his complaint because, based on the facts of this case, any attempt to cure the jurisdictional defects would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (a court need not grant plaintiff leave to amend if an amendment would be inequitable or futile).

---

[4] The Robinsons did not file a motion challenging the court's subject-matter jurisdiction. However, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). The court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Accordingly, the court will dismiss all claims asserted against the Robinsons, *sua sponte*, because it is without subject-matter jurisdiction over those claims.

## V.    Conclusion

The erroneously entered default against Davis will be set aside. The court does not have subject-matter jurisdiction to decide any issue set forth in the complaint. The motions to dismiss for lack of subject-matter jurisdiction (ECF Nos. 3, 11, and 27) will be granted and plaintiff's complaint will be dismissed. The court will dismiss all claims asserted against the Robinsons, *sua sponte*, because it is without subject-matter jurisdiction over those claims. All remaining motions (ECF Nos. 13, 15, 17, 19, and 21) will be denied as moot. The dismissal is without prejudice to all defendants. Plaintiff may seek relief in a court with competent jurisdiction. An appropriate order will be entered.

By the court,

Dated: March 22, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge